

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UPSTATE LUNG & CRITICAL CARE SPECIALISTS, P.C., <br> Plaintiff, <br><br> vs. <br><br> CARE IMPROVEMENT PLUS PRACTITIONERS, LLC, d/b/a Care Improvement Plus, <br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 7:15-04801-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff Upstate Lung & Critical Care Specialists, P.C. (Plaintiff) filed this lawsuit as a breach of contract action against Defendant Care Improvement Plus Practitioners, LLC (Defendant). The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Pending before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Federal Civil Procedure Rule 12(b)(6), or, in the alternative, for summary judgment under Federal Civil Procedure Rule 56 (Defendant's motion). Because Defendant's motion presents materials outside the pleadings and the Court has considered these materials, the Court will treat Defendant's motion as one for summary judgment, pursuant to Federal Civil Procedure Rule 12(d). Having carefully considered Defendant's motion, the response, the reply, the record, and the applicable law, the Court will deny Defendant's motion.

## II. FACTUAL AND PROCEDURAL HISTORY

In the Amended Complaint, Plaintiff avers the parties entered into a contractual agreement in 2009 "for [Plaintiff] to provide healthcare services for the benefit of the Defendant's insureds and the Defendant to pay [Plaintiff's] claims for such services." ECF No. 20 ¶ 5; ECF No. 20-1. Plaintiff also claims the parties negotiated and drafted a subsequent agreement in 2010, and contends that contract should be controlling in this action. ECF No. 20 ¶¶ 6-8; ECF No. 20-2; ECF No. 31 at 2. According to Plaintiff, Defendant "failed to perform its obligations under said agreement by not paying [Plaintiff] for healthcare services that have been provided on behalf of Defendant" in the amount of $329,783.12. ECF No. 20 ¶ 11.

Both the 2009 and 2010 contracts relate solely to services under Medicare Part C, which is Medicare Advantage; and the contracts expressly state that, before Plaintiff can assert any claim in court, it must submit any appeals or disputes with respect to the payment of a claim to Defendant and follow the claim appeal process established by Defendant. ECF No. 20-1 ¶ 3.7(c); ECF No. 20-2 ¶ 6.4.1. These contracts incorporate the Care Improvement Provider Manual, which sets forth the review and appeal process that must be followed for denied claims as a prerequisite to any judicial action. ECF No. 59-6 at 62. The Amended Complaint alleges Plaintiff has "fully performed its obligations pursuant to the aforementioned agreements," ECF No. 20 ¶ 10, but contains no further allegations regarding whether Plaintiff timely pursued any claims through the mandatory contractual appeal process.

On June 7, 2016, Defendant filed a motion to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6). ECF No. 24. After being fully briefed on that motion, the Court dismissed the motion without prejudice so the parties could conduct discovery on the limited matter of whether

Plaintiff fully exhausted its administrative remedies with respect to the claims at issue. Upon completion of this period of discovery, Defendant filed this motion, ECF No. 59, to which Plaintiff filed a response, ECF No. 63, and Defendant filed a reply, ECF No. 64. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendant's motion.

**III.  STANDARD OF REVIEW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving summary judgment is appropriate. Once the moving party makes this showing, the opposing party is unable to rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## IV. CONTENTIONS OF THE PARTIES

In Defendant's motion, it declares Plaintiff's claim for breach of contract should be dismissed because Plaintiff neglected to plead that it complied with the mandatory claim appeal process in the contract, and thus has no right to bring a claim in court. Additionally, Defendant contends Plaintiff's Amended Complaint should be dismissed because it fails to satisfy basic pleading requirements. In the alternative, Defendant avers the Court should grant it summary judgment because, after extensive discovery on the dispositive issue of whether Plaintiff exhausted the required administrative appeals process, there is no evidence to show Plaintiff ever initiated the appeal process let alone exhausted it.

Plaintiff disputes each of Defendant's assertions.

## V. DISCUSSION AND ANALYSIS

As a threshold matter, the Court notes Defendant has moved to dismiss the Amended Complaint under Rule 12(b)(6), or, in the alternative, for summary judgment under Rule 56. Defendant's motion presents matters outside the pleadings, which the Court has considered, and Plaintiff and Defendant have been given a reasonable opportunity to present all the material pertinent to Defendant's motion. The Court will therefore treat Defendant's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Applying the above standard to the instant matter, the Court reiterates Plaintiff has stipulated the 2010 contract should be controlling. ECF No. 31 at 2. The 2010 contract mandates Plaintiff follow the claim appeal process established by Defendant, which is set forth in the Care Improvement Provider Manual that is incorporated into the contract. ECF No. 20-2 ¶ 6.4.1; ECF No. 59-6 at 62. Notably, this claim appeal process requires Plaintiff to submit to Defendant a written request to appeal a claim denial "within 60 calendar days of the remittance notification date." ECF No. 59-6 at 62.

The Medicare Act, 42 U.S.C. § 405(g)-(h), contains a broad exhaustion requirement that prohibits judicial review of Medicare claims unless and until the claimant has pursued the prescribed administrative remedies. In fact, these exhaustion provisions provide "the sole avenue for judicial review of all 'claim[s] arising under'" the Medicare Act and are broadly construed. *Heckler v. Ringer*, 466 U.S. 602, 605, 614-15 (1984) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975)). Although the exhaustion requirement applies to breach of contract claims directed at a private insurer for alleged failure to pay benefits under a Medicare plan, *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140-45 (9th Cir. 2010), specifics such as the number of days one

has to file an appeal are governed by the terms of the parties' privately-negotiated contract, *Rencare, Ltd. v. Humana Health Plan of Tex., Inc.*, 395 F.3d 555, 558-59 (5th Cir. 2004) ("Such contracts between [Medicare Advantage] organizations and providers are subject to very few restrictions; generally, the parties may negotiate their own terms." (citations omitted)).

Here, the terms of the parties' 2010 contract set forth a mandatory appeal process for disputed claims Plaintiff was required to follow before bringing its claim in court. ECF No. 20-2 ¶ 6.4.1. Defendant argues it is entitled to summary judgment because it alleges there is no genuine issue of material fact as to whether Plaintiff exhausted its administrative remedies as mandated by the contract between the parties.

As noted above, the parties engaged in a period of limited discovery on the issue of whether Plaintiff fully exhausted its administrative remedies with respect to the claims at issue. The parties conducted this discovery from September 2016 through April 2017. In discovery, Plaintiff was to identify all claims on which it was suing and which of those claims it appealed and to produce all documents constituting its written appeals. Plaintiff produced a 40-page document containing over 1,000 individual lines. ECF No. 59-3. This document contains, among other things, the patients' identification numbers, the claim numbers, the total charges, and the dates of service. There is no indication whether any of these claims were appealed. *See id.* Later in discovery, Plaintiff produced a disc containing all relevant documentation, totaling 7,740 pages. ECF No. 59-2 ¶ 5. These documents consist of copies of Explanation of Payment letters sent by Defendant, copies of medical records for certain patients of Plaintiff, and internal e-mail from Plaintiff. *Id.*

Defendant's records demonstrate Plaintiff submitted a written appeal for only two of the claims contained in the 40-page document provided by Plaintiff. *Id.* ¶ 6. Of those two claims, the record shows Defendant overturned the initial claim denials but eventually paid Plaintiff on both claims according to the contract. *Id.* Furthermore, Defendant produced a report from a third-party auditor showing the resolution of all claims Plaintiff submitted. *Id.*

In Plaintiff's response in opposition to Defendant's motion, ECF No. 63, Plaintiff attaches three letters written by its legal counsel purporting to constitute appeal letters. These letters are dated October 29, 2014; January 20, 2015; and February 20, 2015. ECF Nos. 63-1; 63-2; 63-3. Plaintiff insists these letters make an appeal for payment of all Plaintiff's unpaid claims. ECF No. 63 at 5.

Plaintiff also attaches an affidavit from Lori Davis, Plaintiff's Insurance Manager. ECF No. 63-4. This affidavit attests to numerous phone calls made to Defendant regarding the claims submission process and the steps Plaintiff purportedly took to receive payment from Defendant. Plaintiff avers it would perform contractual services and submit claims for payment of said services, but Defendant would request additional supporting documentation. ECF No. 63 at 5. Plaintiff urges its claims were never processed and properly denied, citing Defendant's failure to produce any documentation showing Plaintiff's claims had been processed and properly denied. *Id.*

Here, Defendant relies on Plaintiff's alleged failure to exhaust its administrative remedies to defeat any claims not appealed within sixty days of denial. However, as brought forth by Plaintiff, it is unclear not only whether but also when Defendant actually denied certain of Plaintiff's claims and triggered the sixty-day period for Plaintiff to appeal such denials. Without

7

clear evidence of the actual dates of the denials of Plaintiff's claims, the Court is unable to determine whether Plaintiff exhausted its administrative remedies by timely appealing such denials.

In light of the foregoing, the Court is unprepared to grant Defendant's motion at this juncture. Accordingly, the Court will deny Defendant's motion. Given that this holding is dispositive of the issues before the Court, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Defendant's motion is **DENIED**. Discovery shall commence upon entry of this Order, and Defendant shall file its answer within fourteen days of the date of entry of this Order.

**IT IS SO ORDERED**.

Signed this 6th day of June, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE